# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL J. CORBETT,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:05-00227** |
| ) | **(Criminal Action No. 5:03-0074-1)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion for Relief from Judgment under Rule 60(b)(5) and 60(b)(6) and Coram Nobis and Motion for Stay of Fine Pending Final Ruling on his Motion for Relief from Judgment under Rule 60(b) and Coram Nobis. (Document Nos. 136 and 137.)[1] Movant cites the decision of the Court in United States v. Extreme Associates, Inc., 352 F.Supp.2d 578 (W.D.Pa. 2005), asserting that the federal obscenity statute under which he was charged and convicted has been deemed unconstitutional and requests that his sentence be vacated.

Movant was charged along with three others in a four-count Indictment filed on April 9, 2003, with conspiring in violation of 18 U.S.C. § 371 to commit violations of 18 U.S.C. §§ 1461 and 1465 by selling and distributing obscene materials through the internet and United States Mail (Count 1) and using and aiding and abetting each other in using the United States Mail to deliver obscene material in violation of 18 U.S.C. §§ 1461 and 2 (Count 2 through 4). (United States v. Corbett, 5:03-0074-1, Document No. 24.) Pursuant to a letter-form plea agreement, Movant entered

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a plea of guilty to Count 2 of the Indictment on August 25, 2003. (Id., Document No. 72.) The District Court sentenced Movant on December 19, 2003, to an eighteen month term of imprisonment and a three year term of supervised release and imposed the requisite $100 special assessment and a $30,000 fine. (Id., Document No. 117.) Movant did not appeal his conviction or sentence or seek relief collaterally. Rather, on March 14, 2005, Movant filed his Motion for Relief from Judgment under Rule 60(b)(5) and 60(b)(6) and Coram Nobis and Motion for Stay of Fine Pending Final Ruling on his Motion for Relief from Judgment under Rule 60(b) and Coram Nobis. (Document Nos. 136 and 137.)[2]

Movant's Motion for Relief from Judgment under Rule 60(b) fails procedurally and substantively. Rule 60(b) of the Federal Rules of Civil Procedure does not apply in the context of a criminal conviction. Movant's Motion must be regarded or construed consistently with authority in this and other Circuits as a motion under 28 U.S.C. § 2255. *See* United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Since Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 has contained a one year limitation period as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such

---

[2] Movant states in his Motion for Relief from Judgment that he was "forced to sign away his right to a Direct Appeal." (Document No. 136, p. 3.) Actually, by his plea agreement, Movant agreed that he would not appeal any fine which the District Court imposed as long as it was within the range provided by the United States Sentencing Guidelines. (United States v. Corbett, 5:03-0074-1, Document No. 72, ¶ 9.) Movant retained the right to appeal his conviction and sentence including any fine which the District Court imposed in excess of the Guideline range.

>        government action;

> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

The 1-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."); *see also* Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(One year period of limitations imposed by 28 U.S.C. § 2244(d) in State post-conviction proceedings "is subject to equitable tolling, at least in principle."). The Fourth Circuit Court of Appeals stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Federal Courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To

receive the benefit of equitable tolling therefore, a § 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time.

Movant's conviction and sentence became final ten days after his December 19, 2003, sentencing when he did not file a notice of appeal, i.e., on or about January 6, 2004. Movant filed his Motion for Relief from Judgment on March 14, 2005, more than a year after his conviction and sentence became final.[3] The undersigned finds that no circumstances exist under Section 2255 or by application of equitable tolling which would permit the District Court to regard Movant's Motion timely filed. Furthermore, United States v. Extreme Associates, Inc., 352 F.Supp.2d 578 (W.D.Pa. 2005), upon which Movant relies, was reversed by the Third Circuit Court of Appeals. United States v. Extreme Associates, Inc., 431 F.3d 150 (3rd Cir. 2005), *cert. denied*, __ U.S. __, 126 S.Ct. 2048, 164 L.Ed.2d 806(2006). Having thoroughly considered decisions of the United States Supreme Court, the Third Circuit stated that "[w]e are satisfied that the Supreme Court has decided that the federal statutes regulating the distribution of obscenity do not violate any constitutional right to privacy." Extreme Associates, Inc., 431 F.3d at 161.

### **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion for Relief from Judgment under Rule 60(b)(5) and 60(b)(6) and Coram Nobis and Motion for Stay of Fine Pending Final Ruling on his Motion for Relief from Judgment under Rule

---

[3] The District Court entered it decision in *United States v. Extreme Associates, Inc.*, 352 F.Supp.2d 578 (W.D.Pa. 2005) on January 20, 2005.

60(b) and Coram Nobis. (Document Nos. 136 and 137.) and remove this matter from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Faber and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se* in these proceedings, and counsel of record.

Date: October 4, 2007.

R. Clarke VanDervort
United States Magistrate Judge